# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### EASTERN DIVISION

KIRK MOFFITT                                                                    PLAINTIFF

v.                               NO. 4:05CV00963 JLH/HDY

RANDY JOHNSON, in his individual capacity                      DEFENDANTS
as the former Sheriff of Pulaski County;
CHARLES "DOC" HOLLADAY, in his official
capacity as the current Sheriff of Pulaski
County; and RANDY MORGAN, in his individual
and official capacities as the Chief Jail
Administrator for Pulaski County

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States

District Judge J. Leon Holmes.  Any party may serve and file written objections to these

findings and recommendation.  Objections should be specific and should include the

factual or legal basis for the objection.   If the objection is to a factual finding,

specifically identify that finding and the evidence that supports your objection.  An

original and one copy of your objections must be received in the Office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and recommendation.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, Arkansas 72201-3325

-2-

<u>RECOMMENDATION</u>

On Wednesday, August 29, 2007, the undersigned conducted a hearing on the question of whether to recommend, among other things, preliminary approval of the parties' Settlement Agreement.  After hearing the arguments of counsel and giving the question much consideration, the undersigned makes the following recommendations:

(A). **The motion to certify class should be granted.**  <u>See</u> Document 19.  Although the motion to certify class was not specifically referred to the undersigned, based on the record in this proceeding, the undersigned is satisfied that plaintiff Kirk Moffitt ("Moffitt") has met the requirements of Fed. R. Civ. P. 23(a), which are:

(1) The class is so numerous that joinder of all members is impracticable.  The class appears to number in the thousands and involves in excess of 30,000 days.  There are no other currently pending cases against the defendants which have been filed by individuals who fall within the definition of the class.

(2) There are questions of law or fact common to the class.  This proceeding involves, in part, whether the class members were denied prompt initial, or first, appearances before a judge.

(3) The claims or defenses of the representative parties are typical of the claims or defenses of the class.  Moffitt's claim is typical of the class

in that he, like the other class members, failed to receive a timely initial,
or first, appearance before a judge.

(4) The representative parties will fairly and adequately protect the
interests of the class.  The undersigned knows of no reason why Moffitt will
not fairly and adequately protect the interests of the class.

In addition to the foregoing, the undersigned is satisfied that Moffitt has met the
requirements of Fed. R. Civ. P. 23(b)(1) and, alternatively, 23(b)(3), which are:

(b)(1) the prosecution of separate actions by or against individual
members of the class would create a risk of --

(A) inconsistent or varying adjudications with respect
to individual members of the class which would establish
incompatible standards of conduct for the party opposing the
class, or

(B) adjudications with respect to individual members
of the class which would as a practical matter be dispositive
of the interests of the other members not parties to the
adjudications or substantially impair or impede their ability
to protect their interests.

(b)(3) the courts finds that the questions of law or fact common to
the members of the class predominate over any questions affecting only

-4-

individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

(B). In accordance with Fed. R. Civ. P. 23(c)(1)(B), the class in this proceeding should be defined pursuant to the terms identified in the Settlement Agreement, which are as follows:

All persons who were arrested on a warrant and who were actually incarcerated in the Pulaski County Regional Detention Facility ("Facility") between August 1, 2002, and August 1, 2005, and who did not have a first appearance before a trial court within seventy-two hours of being booked in the Facility. The class does <u>not</u> include persons who … meet the definition of class member as described above but who were also being held on other charges for which they <u>did</u> receive a first appearance before a court within seventy-two hours of being booked into the Facility.

<u>See</u> Document 32, Exhibit A at 2-3. [Emphasis in original.]

(C). In accordance with Fed. R. Civ. P. 23(c)(1)(B), the class claims, issues, and defenses in this proceeding should be defined pursuant to the terms identified in the Settlement Agreement.

(D). Moffitt should be appointed Class Representative. As was noted above, the undersigned knows of no reason why Moffitt will not fairly and adequately protect the interests of the class. The facts of his case place the other class members in a more

advantageous position than they would occupy if they pursued their cases in individual lawsuits.  The defendants certainly do not dispute that he will fairly and adequately represent the class.

(E). **In accordance with Fed. R. Civ. P. 23(c)(1)(B) and Fed. R. Civ. P. 23(g), Moffitt's attorney, L. Oneal Sutter ("Sutter"), should be appointed Class Counsel.** The undersigned is satisfied that he can fairly and adequately represent the interest of the class.[1]

(F). **In accordance with Fed. R. Civ. P. 23(c)(2), the manner of notice proposed by the parties in their Settlement Agreement should be approved.**  The parties proposed to notify the class members in the following manner:

> Notice to the class shall consist of one direct mail notice to each member of the class as reflected on the data complied by the Pulaski County Sheriff's Office to the last known address of such class member (that being the address provided by the class member at the time of book-in) as well as publication of the Notice once a week for [twelve] weeks in [the] Sunday "Arkansas" section of the Arkansas Democrat Gazette, and

---

[1]

In making that recommendation, the undersigned has considered the work Sutter has done in identifying and/or investigating the potential claims in this proceeding; his experience in handling class actions, other complex litigation, and claims of the type asserted in this proceeding; his knowledge of the applicable law; and the resources he will commit to representing the class.  The undersigned has also considered the terms Sutter has proposed for attorney's fees and nontaxable costs.

the County agrees that it shall pay for the cost of the notice described in this paragraph.

The undersigned is satisfied that the manner of notice is fair and reasonable.

(G). **In accordance with Fed. R. Civ. P. 23(c)(2), the form of notice proposed by the parties in their Settlement Agreement should be approved.**  The parties have submitted a proposed form of notice.  The undersigned is satisfied that the form of notice is fair and reasonable and contains the terms of the Settlement Agreement.

(H). **The deadlines contained in the Settlement Agreement are reasonable and should be approved.**  The Settlement Agreement contains several deadlines, one in particular being a deadline of March 3, 2008, for the submission of all claims.  That deadline, as well as the other deadlines, are reasonable.

(I). **Preliminary approval should be given to the Settlement Agreement.**  The undersigned has no reason to doubt at this time the fairness of the Settlement Agreement nor is the undersigned aware of any deficiencies in the Settlement Agreement.

In conclusion, the undersigned recommends that the Settlement Agreement be given preliminary approval, a copy of which is attached.  Notice to all class members should issue forthwith and should be in accordance with the terms contained in the parties' proposed notice, a copy of which is also attached.  The parties represent that signed, "hard" copies of both documents will follow.

DATED this ___17___ day of September, 2007.


_____
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


KIRK MOFFITT                                                                    PLAINTIFF


VS.                              NO. 4:05-CV-0963JLH


RANDY JOHNSON, ET AL                                                    DEFENDANTS



**<u>SETTLEMENT AGREEMENT</u>**


**RECITALS:**


1.      The Plaintiff, Kirk Moffitt, as putative class representative, seeks to certify

a class of plaintiffs based upon  the allegation  that a substantial number of persons

suffered over-detention in the Pulaski County Regional Detention Facility (the "Facility")

from August 1, 2002 until August 1, 2005. The Plaintiff has filed a Motion for Class

Certification.

2.      The Defendants, Charles "Doc" Holladay, in his official capacity as

Sheriff of Pulaski County, Arkansas; Randy Johnson, in his individual capacity as former

Sheriff of Pulaski County, Arkansas; and Randy Morgan, individually and in his official

capacity as the chief administrator of the Pulaski County Regional Detention Facility

(hereafter the "County"), deny that the County has violated the rights of the Plaintiff or

those of the putative class members. The County has responded to the Motion for Class

Certification opposing certification of the class.

3.      In  order to  avoid  the risks and  uncertainties inherent in  litigation, the

parties, however, have agreed to the terms of settlement set out below.

4.      The settlement described in this document is contingent upon approval of

these terms by the Pulaski County Quorum Court and by the Court pursuant to it duty to

conduct a fairness hearing under the provisions of Rule 23(e).

**Definitions:**

The following definitions shall apply to the defined terms used in this Settlement

Agreement as well as to the same terms used in Notice to Class Members as well in Court

orders and other documents related to this Class Action.

"Claim" means a written statement by a Class Member submitted according to the notice to Class Members that is the Class Member's evidence of entitlement to a payment from the Class Fund.

"Verified Claim" means a Claim of a Class Member that has been checked against the records of the Facility and court records and thereby determined to be bona fide and entitled to payment.

"Individual Claim Amount" means the single monetary value of a Class Member's Verified Claim using the Point Formula.

"Claim Cap" means that no Individual Claim Amount, regardless of the value of a Claim determined by the Point Formula, shall exceed the sum of $1,500.00.

"Claim Form" means the form attached to the Notice to be sent to Class Members and is the only means by which a Class Member can make a claim for payment.

"Class" means all persons who were arrested on a warrant and who were actually incarcerated in the Pulaski County Regional Detention Facility (the "Facility") between August 1, 2002 and August 1, 2005 and who did not have a first appearance before a Trial Court within 72 hours of being booked into the Facility. The class does not include persons who meet the definition of Class Member as described above but who were also being held on other charges for which they did receive a first appearance before a court within 72 hours of being booked into the Facility.

"Class Action" means this lawsuit.

"Class Action Settlement" means the terms of this written Settlement Agreement once the proposed settlement is approved by the Court and excludes any other term not specifically written in the Settlement Agreement.

"Class Counsel" means L. Oneal Sutter, Harrill & Sutter, P.L.L.C., Post Office Box 26321, Little Rock, Arkansas 72221; (501) 224-1050.

"Class Fund" means the net amount of money available for distribution to Class Members with Verified Claims. The amount of the Class Fund is determined by deducting from the Settlement Amount the total fees and expenses awarded to Class Counsel by the Court as well as any Class Incentive awarded to the Class Representative by the Court.

"Class Member" means any person who meets the Class description and who does not opt out of the Class.

"Class Representative" means Kirk Moffitt.

"Court" means the United States District Court for the Eastern District of Arkansas, Western Division, Honorable J. Leon Holmes presiding in the case styled *Moffitt v. Johnson, et al*; U.S.D.C. No. 4:05-CV-0963JLH.

"Notice" means all notices to the Class Members in all forms, including notice to Class Members of this proposed settlement in the form attached hereto as Exhibit "A".

"Settlement Fund" means $950,000.00.

"Over-detention" means actual incarceration in the Facility for more than 72 hours following book-in without the benefit of a first appearance before a Trial Court to be arraigned on the charges stated in the warrant upon which the arrest was made. The number of days of over-detention equals the total number of days of detention minus three days (72 hours). Therefore, a Class Member who has five total days of detention will be credited with two days of over-detention.

"Point Formula" means the formula used to determine the monetary value to be distributed to Class Members with Verified Claims. The Point Formula is determined as follows:

- over-detention for fewer than six days = 1 point;

- over-detention for seven to 13 days =2 points total;

- over-detention for 14 to 20 days = 3 points total;

- over-detention for 20 to 30 days = 4 points;

- over-detention in excessive of 30 days = 1 point per 15

days added to the 4 points provided for the 20-30 day over-detention

(therefore, a person with a total of 60 days of over-detention would

receive 6 points total);

- any Class Member who was not convicted of all charges for

  which he/she was solely being held will have his or her point score tripled
  (therefore, a person with a point score of 6 for over-detention will have a
  final point score of 18);

- any class member who was found guilty of the charge for

  which he/she was over-detained, but who did not receive credit for all time served
  before the first appearance will have his or her point score doubled.
  The Class Member in this category is someone who receives a sentence
  related to the charge(s) upon which the person was arrested and whose
  sentence does not include a credit against the sentence for time served

  prior to the first appearance. For example, the over-detention prior to the

first appearance is five days; the Class Member receives a sentence of 10
  days with   no   credit for time served;   the actual length   of detention   is
  therefore 15 days rather than a total of 10 days (therefore, this person
  would have a point score of 2 points).

  "Point Score" means the number of points a Class Members receives based upon
the facts and circumstances of his or her over-detention as determined from the records
of the Facility and the Trial Court.

"Facility" means the Pulaski County Regional Detention Facility.

"Released Persons" means Pulaski County, Arkansas, and its officials, officers, agents, employees, and  attorneys as well as Charles "Doc" Holladay, in  his official capacity  as Sheriff of Pulaski County, Arkansas; Randy  Johnson, in  his individual capacity as former Sheriff of Pulaski County, Arkansas; and Randy Morgan, individually and in his official capacity as the chief administrator of the Pulaski County Regional Detention Facility, the Central Arkansas Risk Management Association, and all other persons or entities who might be liable directly or indirectly for any claim or liability arising out of the facts and circumstances described in the Litigation.

"Released Claims" means any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorney's fees, losses, expenses, obligations or demands, of any kind  whatsoever that the Releasing  Persons may  have or may  have had, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted  or unasserted, actual or contingent, liquidated  or unliquidated, that were alleged  in  the Litigation brought or obtained by the Class Representative or by any Class Member.

"Releasing Persons" means Class Members who  are ultimately  bound  by  the terms of this Class Action Settlement.

"Trial Court" means any state Circuit Court or District Court in Pulaski County, Arkansas.

**Agreement:**

1.      For purposes of this settlement only, the County  stipulates to  the certification of the following class:

All persons who  were arrested  on a warrant and  who  were actually

incarcerated  in  the Pulaski County  Regional Detention  Facility  (the

"Facility") between August 1, 2002 and August 1, 2005 and who did not

have a first appearance before a court within 72 hours of being booked

into  the Facility. The class does <u>not</u> include persons who  meet the

definition of Class Member as described above but who were also being

held on other charges for which they <u>did</u> receive a first appearance before

a court within 72 hours of being booked into the Facility.

2.      If the Court approves the proposed Class Action Settlement, the Court will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who  request to  be excluded  from the Class Action Settlement. All persons who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred  from prosecuting  their own

lawsuits, and  they  and  their heirs, executors, administrators, representatives, agents, partners, successors, and  assigns shall be deemed  to  have fully  released and  forever discharged the Released Persons from all Released Claims.

3.      The  County  agrees  to  pay  into  a  Settlement  Fund,  the  total  amount  of $950,000.00 that will be paid and utilized as follows:

A.      Subject to the terms set forth in paragraph 14 below, an attorney's

fee (including Class Counsel's out-of-pocket expenses), as determined and

awarded by the Court will be deducted from the Settlement Fund and paid

to Class Counsel in 2010.

B.      Payment to  Kirk  Moffitt, as Class Representative, any  sum awarded

to him as a Class Incentive which shall not exceed $25,000.00.

C.      The balance of the Settlement Fund (that is, $950,000.00 less fees

and expenses awarded to Class Counsel and to the Class Representative)

will be distributed to those Class Members whose claims are verified and

accepted as bona fide in two equal installments, the first being paid within

30 days after June 1, 2008, and the second installment being paid within

30 days after June 1, 2009.

4.      The County will pay the cost of Notice to the Class as required by Rule 23 of the Federal Rules of Civil Procedure.

5.      The County can unilaterally cancel this settlement if the number of Class Members who opt out of the Class Action equals or exceeds 15,000 cumulative days of over-detention or 10,000 cumulative days of over-detention of Class Members whose individual lengths of over-detention equal 14 or more days. "Over-detention" is defined as actual incarceration in the Facility for more than 72 hours following book-in. The number of days of over-detention will be calculated by determining the total number of days of detention and subtracting three days (72 hours). For example, a person with a total of five days of detention will be credited with two days of over-detention.

6.      Class Members will be paid out of the Settlement Fund based upon a Points Formula. All claims of Class Members must be made in writing on or before a deadline established by the Court. The County shall have a reasonable time in which to inspect and verify all claims. Claims will be verified and points awarded based solely upon information obtained from the records of the Facility and the Pulaski County Circuit Clerk's Office or the offices of the various district courts within Pulaski County.

7.      The Points Formula is:

- over-detention for fewer than six days = 1 point;

- over-detention for seven to 13 days =2 points total;

- over-detention for 14 to 20 days = 3 points total;

- over-detention for 20 to 30 days = 4 points;

- over-detention in excessive of 30 days = 1 point per 15

    days added to the 4 points provided for the 20-30 day over-detention
    (therefore, a person with a total of 60 days of over-detention would
    receive 6 points total);

    - any Class Member who was found to be not guilty of the
    charges for which he/she was being held will have his or her point score
    tripled (therefore, a person with a point score of 6 for over-detention will

    have a final point score of 18);

    - any class member who was found guilty of the charge for which
    he/she was over-detained, but who did not receive credit for time
    served before the first appearance will have his or her point score doubled.

The Class Member in this category is someone who receives a sentence

related to the charge(s) upon which the person was arrested and whose

    sentence does not include a credit against the sentence for time served

prior to the first appearance. For example, the over-detention prior to the

    first appearance is five days; the Class Member receives a sentence of 10

-19-

days with no credit for time served; the actual length of detention is

therefore 15 days rather than a total of 10 days (therefore, this person would have a point score of 2 points).

8.  The total points of all Verified Claims will be divided into the amount of the Class Fund (that is, the amount of money available for distribution after payment of attorney's fees and out-of-pocket expenses of Class Counsel and any incentive award paid to the Class Representative) in order to determine the dollar value of each point. Each Class Member whose claim is verified will receive as a Claim Distribution the value of his or her points.

Illustration: The Class Fund is $750,000. The total number of points of all Verified Claims is 6,000. The point value is $125. Therefore, a Class Member with a total of six points will receive $750.00.

9.  Any portion of the Class Fund not distributed to Class Members holding Verified Claims shall become a *Cy Pres* fund that will be donated to a qualified 501(c)(3) organization within Pulaski County, Arkansas that is well-established with a demonstrated reputation with the courts of Pulaski County for integrity and the ability to successfully administer diversion programs and that will use the funds for the benefit of programs supporting persons serving probationary sentences, as determined by the Court.

10.  In order to prevent a potential windfall recovery to Class Members, Claims will be subject to a cap of $1,500.00 ("Claim Cap"), with the exception of any person who was not convicted of all charges for which he/she was solely being held.

11.     Class Counsel will provide to the County's attorneys a copy of all requests for exclusion from the class and all Claims promptly following receipt of these documents by Class Counsel. The County and its attorneys have the right to inspect all original requests for exclusion and Claims upon reasonable notice to Class Counsel and during normal business hours.

12.     The County has the exclusive right to determine the most efficient and effective way to verify Claims, and Class Counsel shall be provided with a written summary of the results of the verification process with respect to each Claim submitted. Should there be a dispute about the verification of a claim, the Magistrate Judge, sitting without a jury, shall settle all such disputes.

13.     Notice to the Class shall consist of one direct mail notice to each member of the Class as reflected on the data compiled by the Pulaski County Sheriff's Office to the last know address of such Class Members (that being the address provided by the Class Members at the time of book-in) as well as publication of the Notice once a week for 12 weeks in the Sunday "Arkansas" section of the Arkansas Democrat-Gazette, and the County agrees that it shall pay for the cost of the notice described in this paragraph.

14.     Subject to the Court's approval of the fee application to be submitted by Class Counsel in this case, the County, or by and through the Central Arkansas Risk Management Association ("CARMA"), shall pay Class Counsel an attorney's fee from the Settlement Fund in an amount to be awarded by the Court up to one-third of the Settlement Fund, not later than October 15, 2010, and as an accommodation to Class Counsel shall

discharge its obligation to pay $200,000.00 of the fee so awarded by the Court in the form of periodic payments. Any fee awarded by the Court in excess of $200,000.00 will be paid directly to Luther Sutter on or before October 10, 2010. With respect to the first $200,000.00 of any fee awarded to Class Counsel by the Court, the County or CARMA will assign its liability for future payments to Allstate International Assignments, Ltd. (hereinafter "AIALTD"). The Periodic Payment shall be determined at or about the time of the payment described herein, subject to available annuity rates at the time, with the intention of providing a monthly payment for LIFE with 180 payments certain beginning on or about September 14, 2027.

Class Counsel acknowledges that the Periodic Payments cannot be accelerated, deferred, increased or decreased by him; nor shall he have the power to sell, mortgage, encumber, or anticipate the Periodic Payments, or any part thereof, by assignment or otherwise.

Any payments to be made after the death of any annuity payee shall be made to such person or entity as shall be designated in writing by Class Counsel to AIALTD. If no person or entity is so designated by Class Counsel, or if the person designated is not living at the time of the Class Counsel's death, such payments shall be made to the estate of the Class Counsel. No such designation, nor any revocation thereof, shall be effective unless it is in writing and delivered to AIALTD. The designation must be in a form acceptable to AIALTD before such payments are made.

Any payments made after the death of Class Counsel pursuant to the terms of this

Settlement Agreement shall be made to Pamela Pfeifer, wife of Class Counsel even if divorced at death of Class Counsel. This designation cannot be changed.

Class Counsel acknowledges and agrees that the County or CARMA may enter into a Non-Qualified Assignment with AIALTD, and the obligation for payment of the Periodic Payments shall be no greater than that of the County (whether by judgment or agreement) immediately preceding the transfer of the Periodic Payments obligation. Any such transfer, if made, shall be accepted by Class Counsel or any other designated payee without right of rejection and shall completely release and discharge the County and CARMA from the Periodic Payments obligation  assigned  to AIALTD. The Payee recognizes and agrees that, in the event of such an assignment, AIALTD shall be the sole Obligor with respect to the Periodic Payments obligation, and that all other releases with respect to the Periodic Payments obligation that pertain to the liability of the County and CARMA shall thereupon become final, irrevocable and absolute.

The County (and CARMA), in their own right or through their Assignee reserve the right to fund the liability to make the Periodic Payments through the purchase of an annuity policy from Allstate Life Insurance Company. The County, CARMA or the Assignee shall be the sole owner of the annuity  policy  and  shall have all rights of ownership. The County, CARMA, or the Assignee may have Allstate Life Insurance Company mail payments directly to the Class Counsel or his designee. Class Counsel shall be responsible for maintaining a current mailing address for himself or other payees with Allstate Life Insurance Company.

The County and CARMA can and will in its absolute discretion fund the liability  to make the Periodic Payments by  entering  into  a Non-Qualified  Assignment  with AIALTD. The County and CARMA may have AIALTD remit payments directly to Class Counsel or his designee. Class Counsel or his designee shall be responsible for maintaining a current mailing address for himself or his designees with AIALTD.

The  obligation   of the County, CARMA, and/or AIALTD with  respect to  any particular installment of the Periodic Payments shall be discharged upon the mailing or other transmission on the due date or earlier of a valid check or its electronic equivalent in the specific amount of such payment to the designated address of Class Counsel or his designee.

Class Representative:


_____
Kirk Moffitt

Date: _____


Class Counsel:

_____
Luther Sutter, individually

Date: _____

Harrill & Sutter, P.L.L.C. Post Office Box 26321 Little Rock, Arkansas 72221 (501) 225-1050

Attorneys for Kirk Moffitt and for
the Class


By: _____
Raymond Harrill

   Date: _____


By: _____
Luther Sutter

   Date: _____

Pulaski County:


_____
F. G. Villines, III Pulaski County
Judge/CEO

   Date: _____


   Central Arkansas Risk Management
          Association


_____
Timothy J. Miles Risk Manager

   Date: _____


   Hope, Fuqua & Campbell, P.A. 425
   West Capitol Ave., Suite 400 Little
   Rock, Arkansas 72201 (501) 372-4144
   Attorneys for Defendants

_____ By:
David M. Fuqua Ark. Bar No. 80048

Date: _____

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

KIRK MOFFITT                                                    PLAINTIFF

VS.                              NO. 4:05-CV-0963JLH

RANDY JOHNSON, ET                                          DEFENDAN
AL                                                                      T

## NOTICE OF PENDENCY OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

**TO: ALL PERSONS WHO WERE INCARCERATED IN THE PULASKI COUNTY REGIONAL DETENTION FACILITY BETWEEN AUGUST 1, 2002 AND AUGUST 1, 2005:**

**THIS NOTICE AFFECTS YOUR RIGHTS. PLEASE READ THE COMPLETE NOTICE CAREFULLY.**

The above-captioned proceeding ("Litigation") is pending before the United States District Court for the Eastern District of Arkansas, Western Division ("Court"). In the Litigation, the Plaintiff, Kirk Moffitt, on his own behalf and as Class Representative, claims that the Defendants, Charles "Doc" Holladay, in his official capacity as Sheriff of Pulaski County, Arkansas; Randy Johnson, in his individual capacity as former Sheriff of Pulaski County, Arkansas; and Randy Morgan, individually and in his official capacity as the chief administrator of the Pulaski County Regional Detention Facility ("County"), subjected persons who were arrested on warrants between August 1, 2002 and August 1, 2005, to over-detention in violation of

**their rights to a reasonably prompt first appearance before a court to be arraigned on the charges stated in the warrant that supported the arrest. The County has denied the allegations made by the Class Representative in the Litigation and has asserted various affirmative defenses.**

**The Court has conditionally ruled that the Litigation may be maintained on behalf**

**of the following Class: All persons who were arrested on a warrant and who were actually incarcerated in the Pulaski County Regional Detention Facility (the "Facility") between August 1, 2002 and August 1, 2005 and who did not have a first appearance before a Trial Court within 72 hours of being booked into the Facility. The class does <u>not</u> include persons who meet the definition of Class Member as described in this definition but who were also being held on other charges for which they <u>did</u> receive a first appearance before a court within 72 hours of being booked into the Facility.**

**I. PURPOSE OF THIS NOTICE**

**The purpose of this Notice is to inform you, as a potential Class Member, of (a) the existence of the Litigation; (b) a proposed Class Action Settlement of the Litigation, as described in this Notice; and (c) your rights with respect to the proposed Class Action Settlement. Your rights, as defined in this Notice, include the right to be excluded from the Class and the Class Action Settlement. If you are a**

Class Member and do not request exclusion from the Class in compliance with the procedures and deadline set forth below, you will remain in the Class and will be bound by the terms of the Class Action Settlement.

Class Counsel has investigated and evaluated the claims asserted in the Litigation and has determined that the proposed Class Action Settlement is fair, reasonable, and adequate for the Class as a whole, in light of the benefits of the settlement and the disadvantages of continuing the Litigation. The proposed Class Action Settlement is a compromise of disputed claims and does not mean that the County has any liability as alleged in the Litigation. The County has denied and continues to deny any wrongdoing or liability on its part.

## II. DEFINITIONS

The following defined terms are used in this Notice and in the Settlement Agreement executed by the parties to the Litigation.

"Claim" means a written statement by a Class Member submitted according to the notice to Class Members that is the Class Member's evidence of entitlement to a payment from the Class Fund.

"Verified Claim" means a Claim of a Class Member that has been checked against the records of the Facility and court records and thereby determined to be bona fide and entitled to payment.

"Individual Claim Amount" means the single monetary value of a Class

Member's Verified Claim using the Point Formula.

"Claim Cap" means that no Individual Claim Amount, regardless of the value of a Claim determined by the Point Formula, shall exceed the sum of $1,500.00.

"Claim Form" means the form attached to the Notice to be sent to Class Members and is the only means by which a Class Member can make a claim for payment.

"Class" and "Class Definition" means all persons who were arrested on a warrant and who were actually incarcerated in the Pulaski County Regional Detention Facility (the "Facility") between August 1, 2002 and August 1, 2005 and who did not have a first appearance before a Trial Court within 72 hours of being booked into the Facility. The class does <u>not</u> include persons who meet the definition of Class Member as described above but who were also being held on other charges for which they <u>did</u> receive a first appearance before a court within 72 hours of being booked into the Facility.

"Class Action" means this lawsuit.

"Class Action Settlement" means the terms of this written Settlement Agreement once the proposed settlement is approved by the Court and excludes any other term not specifically written in the Settlement Agreement.

"Class Counsel" means L. Oneal Sutter, Harrill & Sutter, Post Office Box 26321, Little Rock, Arkansas 72221; (501) 224-1050.

"Class Fund" means the net amount of money available for distribution to Class Members with Verified Claims. The amount of the Class Fund is determined by deducting from the Settlement Amount the total fees and expenses awarded to Class

Counsel by the Court as well as any Class Incentive awarded to the Class Representative by the Court.

"Class Member" means any person who meets the Class description and who does not opt out of the Class.

"Class Representative" means Kirk Moffitt.

"Court" means the United States District Court for the Eastern District of Arkansas, Western Division, Honorable J. Leon Holmes presiding in the case styled *Moffitt v. Johnson, et al*; U.S.D.C. No. 4:05-CV-0963JLH.

"Notice" means all notices at the County's expense to the Class Members in all forms, including notice to Class Members of this proposed settlement by direct mail one time to the last know address of each Class Member (that being the address given by the Class Member at the time of book-in) and by publication once a week for 12 weeks in the

Sunday "Arkansas" section of the Arkansas Democrat-Gazette.

"Settlement Fund" means $950,000.00.

"Over-detention" means actual incarceration in the Facility for more than 72 hours following book-in without the benefit of a first appearance before a Trial Court to be arraigned on the charges stated in the warrant upon which the arrest was made. The number of days of over-detention equals the total number of days of detention minus three days (72 hours). Therefore, a Class Member who has five total days of detention will be credited with two days of over-detention.

"Point Formula" means the formula used to determine the monetary value to be distributed to Class Members with Verified Claims. The Point Formula is

determined as follows:

> • over-detention for fewer than six days = 1 point;

> • over-detention for seven to 13 days =2 points total;

> • over-detention for 14 to 20 days = 3 points total;

> • over-detention for 20 to 30 days = 4 points;

> • over-detention in excessive of 30 days = 1 point per 15

days added to the 4 points provided for the 20-30 day over-detention

(therefore, a person with a total of 60 days of over-detention would

receive 6 points total);

• <u>any Class Member who was who was not convicted of all charges for which he/she was solely being held will have his or her point</u> score tripled (therefore, a person with a point score of 6 for over-detention will have a final point score of 18);

any class member who was found guilty of the charge for which he/she was over-detained, but who did not receive credit for time served before the first appearance will have his or her point score doubled. The Class Member in this category is someone who receives a sentence related to the charge(s) upon which the person was arrested and whose sentence does not include a credit against the sentence for time served prior to the first appearance. For example, the over-detention prior to the first appearance is five days; the Class Member receives a sentence of 10 days with no credit for time served; the actual length of detention is therefore 15 days rather than a total of 10 days (therefore, this person would have a point score of 2 points). "Point Score" means the number of points a Class Members receives based upon

the facts and circumstances of his or her over-detention as determined from the records of

the Facility and the Trial Court.

"Released Persons" means Pulaski County, Arkansas, and its officials, officers,

agents, employees, and attorneys as well as Charles "Doc" Holladay, in his official capacity

as Sheriff of Pulaski County, Arkansas; Randy Johnson, in his individual capacity as

former Sheriff of Pulaski County, Arkansas; and Randy Morgan, individually and in his

official capacity as the chief administrator of the Pulaski County Regional Detention

Facility, the Central Arkansas Risk Management Association, and all other persons or entities who might be liable directly or indirectly for any claim or liability arising out of the facts and circumstances described in the Litigation.

"Released Claims" means any and all liabilities, claims, cross-claims, causes of action, rights, actions, suits, debts, liens, contracts, agreements, damages, restitution, disgorgement, costs, attorney's fees, losses, expenses, obligations or demands, of any kind whatsoever that the Releasing Persons may have or may have had, whether in arbitration, administrative, or judicial proceedings, whether as individual claims or as claims asserted on a class basis or on behalf of the general public, whether known or unknown, suspected or unsuspected, threatened, asserted or unasserted, actual or contingent, liquidated or unliquidated, that were alleged in the Litigation brought or obtained by the Class Representative or by any Class Member.

"Releasing Persons" means Class Members who are ultimately bound by the terms of this Class Action Settlement.

"Trial Court" means any state Circuit Court or District Court in Pulaski County, Arkansas.

"Facility" means the Pulaski County Regional Detention Facility.

## III. SETTLEMENT BENEFITS FOR CLASS MEMBERS

If the Court approves the Class Action Settlement, the County will make the benefits described below available to Class Members who have Verified Claims. Class Members with Verified Claims will receive the benefits described in this Notice and nothing else.

**A. Monetary Payment.** Each Class Member with a Verified Claim shall be paid his or her Individual Claim Amount in two annual payments, the first being within 30 days after June 1, 2008

and the second payment within 30 days after June 1, 2009.

**B. Limitation on Payment.** Each Individual Claim Amount is subject to the Claim Cap. The Claim Cap does not apply to any Class Member who was not convicted of all charges for which he/she was solely being held.

**C. Unexpended or Unclaimed Portion of Claim Fund.** Any money remaining in the Claim Fund after payment of all Verified Claims shall be paid by the County to a qualified 501(c)(3) charitable organization within Pulaski County, Arkansas that is well-established with a demonstrated reputation with the courts of Pulaski County for integrity and the ability to successfully administer diversion programs and that will use the funds for the benefit of programs supporting persons serving probationary sentences. The organization selected to receive unclaimed funds as described in this paragraph shall be selected by the Court. The Class Member shall forfeit any Individual Claim Amount that cannot be paid within six months of the second payment, and such Individual Claim Amount shall be distributed according to the terms described in this paragraph.

**D. Claims Process.** Only one Individual Claim Amount (the settlement benefit) is available for each Class Member with a Verified Claim. To make a claim, complete and submit the enclosed Claim Form in compliance with the instructions contained on the Claim Form. You must sign your Claim Form and should keep a copy of the Claim Form for your own record.

All Claims will be verified using the detention records of the Facility and of the Trial Courts. Your Point Score will be determined in this review process; after all Claims have been reviewed, you will be notified of your Point Score and of the probable amount of your Individual Claim Amount.

**E. Claim Deadline.** The postmark deadline for submitting a Claim is March 3, 2008. Claims postmarked after the deadline will be denied.

**IV.     DISMISSAL OF THE LITIGATION, ENTRY OF JUDGMENT, AND RELEASE OF**

CLAIMS

If the Court approves the proposed Class Action Settlement, the Court will enter a judgment that will dismiss the Litigation with prejudice as to all Class Members, except those Class Members who request to be excluded from the Class Action Settlement. All persons who meet the Class Definition and do not validly and timely request exclusion from the Class will be forever barred from prosecuting their own lawsuits, and they and their heirs, executors, administrators, representatives, agents, partners, successors, and assigns shall be deemed to have fully released and forever discharged the Released Persons from all Released Claims.

## V.    COSTS AND ATTORNEY'S FEES, EXPENSES, AND INCENTIVE PAYMENT TO THE CLASS REPRESENTATIVE

From the inception of this lawsuit beginning in 2005 to the present time, the Class Counsel has not received any payment for his services in prosecuting the Class Action, nor has he been reimbursed for any out-of-pocket expenses. If the Court approves the proposed Class Action Settlement, Class Counsel will ask the Court to award him an attorney's fee of as much as one-third of the Settlement Fund and out-of-pocket expenses in the amount of $2,105.00. The County has agreed not to oppose a Court award that is paid out of the Settlement Fund and has agreed to pay up to $200,000.00 of the fee awarded to Class Counsel in the form of deferred annuity payments.

Class Counsel will also ask the Court to award to the Class Representative the sum of $25,000.00, in addition to any amount he is entitle to be paid as a Class Member with a Verified Claim, to be paid out of the Settlement Fund, as an incentive payment for bringing this Class Action and acting as the Class Representative. The County has agreed not to oppose an incentive payment award to the Class Representative.

The County has agreed to pay all costs of mailed and published Notice to the Class as

well as the cost of mailed notice to Class Members of the amount of their Individual Claim Amounts.

The attorney's fees and out-of-pocket expenses awarded to Class Counsel as well as the incentive payment awarded to the Class Representative will be deducted from the Settlement Fund.

Under no circumstances will Class Members be personally liable for any attorney's or out-of-pocket expenses of Class Counsel or for incentive payments to the Class Representative.

## VI. RIGHTS AND OPTIONS OF CLASS MEMBERS

If you meet the Class Definition set forth at the beginning of this Notice, you have the following rights and options.

A. Remain a Class Member.

1. If you do not request exclusion from the Class, you will remain a Class Member. Your interests in connection with the proposed Class Action Settlement will be represented by the Class Representative and by Class Counsel. You will not be charged for the services of Class Counsel.

Class Counsel is:

Luther Oneal Sutter, Esq.
Harrill & Sutter, P.L.L.C.
Post Office Box 26321
Little Rock, Arkansas 72221

(501) 224-1050.

The County is represented in the Litigation by:

David M. Fuqua, Esq.
Hope, Fuqua & Campbell, P.A.
425 West Capitol Ave., Suite 400
Little Rock, Arkansas 72201

**(501) 372-4144.**

**.}{1     If the Class Action Settlement is approved by the Court and judgment becomes final, you will be entitled to the benefits described in Section III above.**

**.}{2     As a Class Member, you will be bound by any judgment or other disposition of this Litigation, even if you do not submit a Claim or take advantage of any of the benefits of the Class Action Settlement. Furthermore, you and your heirs, executors, administrators, representatives, agents, partners, successors, and assigns will be deemed to have agreed to the terms of the Release described in Section IV above.**

**B. Objections to or Comments on the Proposed Class Action Settlement.**

**As a Class Member, you have the right to object to or comment in support of the proposed Class Action Settlement, the proposed award of attorney's fees and out-ofpocket expenses, or the proposed incentive payment to the Class Representative. The procedure for doing so is explained in Section VII.B below.**

**C. Request Exclusion.** You have the right to request exclusion from the Class. If you request exclusion from the Class, you will not be bound by any judgment or settlement of the Litigation, and you will not receive the benefits of the Class Action Settlement. If you wish to be excluded from the Class, you must submit a written, signed request for exclusion, by First-Class mail, stating (1) your name, address, and telephone number, (2) your Social Security number, (3) your date of birth, and (4) a statement that you wish to be excluded from the Class. Your request for exclusion must be mailed via certified mail to the Class Counsel at the address listed in Section VI.A.1 above, postmarked no later than March 3, 2008. If you submit a request for exclusion that does not comply with these requirements, your request will be deemed invalid, and you will not be excluded from the Class.

**D. Retain Your Own Attorney and Seek Intervention.** You have the right to consult and/or retain an attorney of your choice, at your own expense, to advise you regarding the Class Action Settlement and your rights in connection with the Class Action Settlement. You also have the right, either personally or through an attorney retained by you, at your own expense, to intervene

in the Litigation.

## VII. FAIRNESS HEARING

**A. Time, Place, and Purpose of Hearing.** A Fairness Hearing will be held on

_____ before the Honorable J. Leon Holmes, United States District Judge, Eastern

District of Arkansas, United States Courthouse, 500 West Capitol Ave., Courtroom __, Little

Rock, Arkansas 72201, to determine: (1) whether the proposed settlement of the Litigation is fair,

reasonable, and adequate for the Class as a whole on the terms set forth in the Settlement

Agreement; (2) whether the certification of the Class should be made final; (3) whether the Court

should enter the proposed judgment dismissing the Litigation with prejudice; (4) whether the

Court should grant the application of Class Counsel for attorney's fees and out-of-pocket

expenses and, if so, in what amount; and (5) whether the Court should grant the request for an

incentive award to the Class Representative and, if so, in what amount. Class Members need not

attend the Fairness Hearing. The Court will not issue orders for the attendance at the Fairness

Hearing of any Class Member who is incarcerated at the time of the hearing.

**B. Procedure for Objecting to or Commenting in Support of the Settlement.**

**1. Written Objections or Comments.** If you are a Class Member, you have the

right to submit written objections to or comments in support of the proposed Class Action

Settlement, the proposed award of attorney's fees and out-of-pocket expenses, or the proposed

payment of an incentive award to the Class Representative. To do so, you must submit a written

statement setting forth: (a) your name, address, and telephone number; and (b) your objections,

comments, and any supporting arguments, to:

> James W. McCormack, Clerk of Court United States District Court
> Eastern District of Arkansas United States District Court Clerk 600 West
> Capitol Avenue Room A149 Little Rock, Arkansas 72201-3312

A copy of your written objections or comments will be provided to the parties' counsel by the Court electronically so you do not have to send a copy to anyone other than to the Clerk of Court.

You cannot both seek exclusion from the Class <u>and</u> make an objection.

**2. Presentation of Objections and Supporting Comments at the Fairness Hearing.**

**You may also attend the Fairness Hearing, either personally or through an attorney retained by you, at your own expense, and ask to be heard by the Court on your comments. If you wish to do so, you must submit your objections or comments in writing in compliance with Section VII.B.1 above <u>and</u> include in your comments a statement that you intend to appear and wish to be heard at the Fairness Hearing. The Court will not issue orders for the attendance at the Fairness Hearing of any Class Member who is incarcerated at the time of the hearing.**

**VIII. ADDITIONAL INFORMATION**

**If the Class Action Settlement is not granted final approval, or if the Class Action Settlement is granted final approval but the judgment does not become final, the certification of the Class will be vacated and the Litigation will proceed as though no proposed Class Action Settlement had been reached.**

**Any questions you have about the matters described in this Notice should be directed in writing to Class Counsel at the address listed in Section VI.A.1 above. <u>Please do not direct any questions to the Court.</u> Copies of the Settlement Agreement and the pleadings and other documents filed in the Litigation are on file with the Court and may be examined in the Clerk's Office at the address listed in Section VII.B.1 above.**

## IX. DEADLINES

**Remember:**

**If you wish to be excluded from the Class, you must mail your written request for exclusion via certified mail, postmarked no later than March 3, 2008 to Class Counsel at the address listed in Section VI.A.1 above.**

**If you wish to submit objections or supportive comments, you must submit them in writing to the Clerk of Court at the address listed in Section VII.B.1 above, such that they are received no later than _____.**

**If you wish to seek to intervene in the Litigation, you must do so no later than _____.**

**• The postmark deadline for submitting Claims is March 3, 2008.**

**Dated: _____ By Order of Honorable J. Leon Holmes, United States District Court, Eastern District of Arkansas**